IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

**In re:**  CHLIS LORRAINE DEAN            Case No. 06-10145-BLS
        Debtor                                     Chapter 13

WELLS FARGO BANK, N.A.
3476 STATEVIEW BOULEVARD
FORT MILL, SOUTH CAROLINA 29715
        Appellant

THOMAS D.H. BARNETT, ESQUIRE
NEIL F. DIGNON, ESQUIRE
DRAPER & GOLDBERG, P.L.L.C.
P.O. BOX 947
512 EAST MARKET STREET
GEORGETOWN, DE 19947
        Attorneys for the Appellant

CHLIS LORRAINE DEAN
7 BLUE HEN RIDGE
NEWARK, DELAWARE 19711-2559
        Appellee

## APPELLANT'S STATEMENT OF ISSUES AND DESIGNATION OF RECORD

### STATEMENT OF ISSUES

1.  Whether the bankruptcy court erred in its finding that Appellant is not entitled to collect attorneys' fees and costs pursuant Paragraph 22 of the Mortgage.

2.  Whether the bankruptcy court erred in its finding that Paragraph 14 of the Mortgage which states that the Appellant is entitled to collect attorneys' fees and costs is not applicable.

3. Whether the bankruptcy court erred in its finding that Paragraph 6(E) of the Note which states that the Appellant is entitled to collect attorneys' fees and costs is not applicable.

4. Whether the bankruptcy court erred in its finding that the filing of the Objection to Proof of Claim was properly served on the Appellant under Federal Bankruptcy Rule 7004. *In re Lomas Fin. Corp.,* 212 B.R. 46 (Bankr. D. Del. 1997). *See also In reBoykin,* 246 B.R. 825 (E.D. Vir 2000).

Appellant, Wells Fargo, hereby designates the following documents to be included in the record on appeal:

| File Date | Paper No. | Pleading |
|---|---|---|
| 03/13/06 | 1 | Proof of Claim |
| 03/13/06 | 4 | Mortgage |
| 05/25/06 | 22 | Objection to Proof of Claim |
| 07/11/06 | 31 | Order Sustaining Objection to Claim |
| 07/21/06 | 32 | Motion to Reconsider Order Sustaining Objection to Claim |
| 08/14/06 | 36 | Response to Motion to Reconsider |
| 09/20/06 | 38 | Notice of Appeal |
| 09/22/06 | 42 | Order Denying Motion to Reconsider |
| 09/29/06 | 43 | Note |
| 09/29/06 | 48 | 03/24/04 Loan Modification Agreement |
| 09/29/06 | 51 | 07/11/05 Reinstatement/Repayment Agreement |
| 09/29/06 | 54 | Transcript of Hearing Held 08/22/06 |
|  | 60 | Transcript of Hearing Held 06/20/06 |

Respectfully Submitted,

/s/Neil F. Dignon_____
Thomas D.H. Barnett, Bar No. 0994
Neil F. Dignon, Bar No. 3625
P.O. Box 947
512 East Market Street
Georgetown, Delaware 19947
(302) 855-9252

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY that copies of the foregoing Appellants Statement of Issues and Designation of Record were mailed by first class mail, postage-paid, this 29th day of September, 2006 to the following parties:

Chlis Lorraine Dean
7 Blue Hen Ridge
Newark, Delaware 19711-2559
Debtor

Cynthia L. Carroll, Esquire
260 Chapman Road, Suite 201-D
Newark, Delaware 19702
302-733-0411
Attorney for the Debtor

Michael B. Joseph, Trustee
824 Market Street
P.O. Box 1351
Wilmington, Delaware 19899-1351
302-656-0123
Chapter 13 Trustee

/s/Neil F. Dignon_____
Thomas D.H. Barnett, Esquire
Neil F. Dignon, Esquire

# 9845643

# 9845643

## NOTE

**NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.**

March 23rd, 2001        Wilmington                    Delaware
[Date]                  [City]                        [State]

7 Blue Hen Ridge, Newark, DE 19711

[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $165,750.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Gilpin Financial Services, Inc.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 7.25000 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on May, 2001. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on April 01, 2031, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 1400 North Dupont Street, Wilmington, DE 19806 or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $1,130.71.

### 4. BORROWER'S RIGHT TO PREPAY

The Borrower shall have the right to prepay at any time, without premium or fee, the entire indebtedness or any part thereof not less than the amount of one installment, or $100.00, whichever is less. Any Prepayment in full of the indebtedness shall be credited on the date received, and no interest may be charged thereafter. Any partial Prepayment made on other than an installment due date need not be credited until the next following installment due date or 30 days after such Prepayment, whichever is earlier.

---

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Amended for Veterans Affairs

Form 3200 1/01
-5G (0005)     Amended 6/00
VMP MORTGAGE FORMS - (800)521-7291

Page 1 of 3                    Initials: _____

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 4.00 % of my overdue payment. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

Form 3200 1/01

-5G (0005)    Page 2 of 3    Initials:_____

**10. ALLONGE TO THIS NOTE**

If an allonge providing for payment adjustments or for any other supplemental information is executed by the Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge          ☐ Other [Specify]          ☐ Other [Specify]

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

    Regulations (38 C.F.R. Part 36) issued under the Department of Veterans Affairs ("VA") Guaranteed Loan Authority (38 U.S.C. Chapter 37) and in effect on the date of loan closing shall govern the rights, duties and liabilities of the parties to this loan and any provisions of this Note which are inconsistent with such regulations are hereby amended and supplemented to conform thereto.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)          _____(Seal)
Chlis L. Dean                  -Borrower                                        -Borrower

_____(Seal)          _____(Seal)
                               -Borrower                                        -Borrower

_____(Seal)          _____(Seal)
                               -Borrower                                        -Borrower

_____(Seal)          _____(Seal)
                               -Borrower                                        -Borrower

*[Sign Original Only]*

# 9845643

## VA ASSUMPTION POLICY ALLONGE AMENDING NOTE

Case ID: 1060558687
Loan #: 0026330837

### NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

THIS ASSUMPTION POLICY ALLONGE AMENDING NOTE is made this 6th day of June, 2002, and is incorporated into and shall be deemed to amend and supplement the Note ("Note") of the same date herewith, given by the undersigned ("Borrower") to evidence Borrower's indebtedness to

WELLS FARGO HOME MORTGAGE, INC.

its successors and assigns ("Lender") which indebtedness is secured by a Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date and covering the property described in the Security Instrument and located at:

7 BLUE HEN RIDGE, NEWARK, DELAWARE 19711
(Property Address)

Notwithstanding anything to the contrary set forth in the Note, Lender and Borrower hereby acknowledge and agree to the following:

TRANSFER OF THE PROPERTY: This loan may be declared immediately due and payable upon transfer of the property securing such loan to any transferee, unless the acceptability of the assumption of the loan is established pursuant to Section 3714 of Chapter 37, Title 38, United States Code.

An authorized transfer ("assumption") of the property shall also be subject to additional covenants and agreements as set forth below:

(a) **ASSUMPTION FUNDING FEE:** A fee equal to one-half of 1 percent (.50%) of the balance of this loan as of the date of transfer of the property shall be payable at the time of transfer to the loan holder or its authorized agent, as trustee for the Department of Veterans Affairs. If the assumer fails to pay this fee at the time of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and, at the option of the payee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729 (c).

(b) **ASSUMPTION PROCESSING CHARGE:** Upon application for approval to allow assumption of this loan, a processing fee may be charged by the loan holder or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan to which Section 3714 of Chapter 37, Title 38, United States Code applies.

(c) **ASSUMPTION INDEMNITY LIABILITY:** If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan. The assumer further agrees to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

IN WITNESS WHEREOF, Borrower(s) has executed this Assumption Policy Allonge Amending Note.

_____ (Seal)        _____ (Seal)
CHLIS L. DEAN              -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
                           -Borrower                                -Borrower

-536 (9504)              VMP MORTGAGE FORMS - (800)521-7291                        1/95



# 9845643

## VA ASSUMPTION POLICY RIDER

**NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.**   Case ID: 1060558687    Loan #: 0026330837

THIS ASSUMPTION POLICY RIDER is made this 6th day of June, 2002, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Deed to Secure Debt ("Instrument") of the same date herewith, given by the undersigned ("Mortgagor") to secure the Mortgagor's Note ("Note") of the same date to WELLS FARGO HOME MORTGAGE, INC.

its successors and assigns ("Mortgagee") and covering the Property described in the Instrument and located at:
7 BLUE HEN RIDGE, NEWARK, DELAWARE 19711

[Property Address]

Notwithstanding anything to the contrary set forth in the Instrument, Mortgagee and Mortgagor hereby acknowledge and agree to the following:

**TRANSFER OF THE PROPERTY:** This loan may be declared immediately due and payable upon transfer of the Property securing such loan to any transferee, unless the acceptability of the assumption of the loan is established pursuant to Section 3714 of Chapter 37, Title 38, United States Code.

An authorized transfer ("assumption") of the Property shall also be subject to additional covenants and agreements as set forth below:

(a) **ASSUMPTION FUNDING FEE**: A fee equal to one-half of 1 percent (.50%) of the balance of this loan as of the date of transfer of the Property shall be payable at the time of transfer to the loan holder or its authorized agent, as trustee for the Department of Veterans Affairs. If the assumer fails to pay this fee at the time of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and, at the option of the payee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729 (c).

-529U (9705)
Page 1 of 2       Initials:
VMP MORTGAGE FORMS - (800) 521-7291

(b) **ASSUMPTION PROCESSING CHARGE**: Upon application for approval to allow assumption of this loan, a processing fee may be charged by the loan holder or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan to which Section 3714 of Chapter 37, Title 38, United States Code applies.

(c) **ASSUMPTION INDEMNITY LIABILITY**: If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan. The assumer further agrees to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

IN WITNESS WHEREOF, Mortgagor(s) has executed this Assumption Policy Rider.

_____ (Seal)        _____ (Seal)
CHLIS L. DEAN          -Borrower                              -Borrower

_____ (Seal)        _____ (Seal)
                       -Borrower                              -Borrower

_____ (Seal)        _____ (Seal)
                       -Borrower                              -Borrower

_____ (Seal)        _____ (Seal)
                       -Borrower                              -Borrower

-538U (9705)                    Page 2 of 2



LOAN MODIFICATION AGREEMENT
LOAN NUMBER: 4729845643

THIS LOAN MODIFICATION AGREEMENT made on March 24, 2004, by and between CHLIS L DEAN and
(the "Borrower(s)") and Wells Fargo Home Mortgage, Inc. (the "Lender")

W I T N E S S E T H

WHEREAS, Borrower has requested, and Lender has agreed, subject to the following terms and conditions, to a modification in the payment as follows:

NOW THEREFORE, in consideration of the covenants hereinafter set forth and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the parties, it is agreed as follows (notwithstanding anything to the contrary contained in the Note and Mortgage dated 6/6/2002):

1. BALANCE. As of March 24, 2004, the amount payable under the Note and Mortgage (the "Unpaid Principal Balance") is U.S. $ 168,715.99.

2. EXTENSION. This agreement hereby modifies the following terms of the Security Instrument described herein above as follows:

   A. The current contractual due date has been extended from 01-01-04. The first modified contractual due date is due on 06/01/2004.

   B. The maturity date has been extended from 07-27 (month/year) to 07/01/2027.

   C. The amount of interest to be capitalized will be U.S. $ 4,555.62. The modified unpaid principal balance is U.S. $ 173,587.39.

   D. The borrower promises to pay the unpaid principal balance plus interest, to the order of the Lender. Interest will be charged on the unpaid principal balance of U.S. $ 173,587.39. The borrower promises to make monthly payments of principal and interest of U.S. $ 1,209.71, at a yearly rate of 6.500%, not including any escrow deposit, if applicable. If on the maturity date the borrower still owes amount under the Note and Security Instrument, as amended by this Agreement, borrower will pay these amounts in full on the maturity date.
      * (If applicable, all scheduled step rate changes according to your Note and Mortgage will remain unchanged.)

LR175/5GM/Page 1



Loan Modification Agreement
Page 2 of 2
Loan 4729845643

3.  NOTE AND MORTGAGE.  Nothing in this Agreement shall be understood
    or construed to be a satisfaction or release, in whole or in part
    of the Borrower's obligations under the Note or Mortgage. Further,
    except as otherwise specifically provided in this Agreement, the
    Note and Mortgage will remain unchanged, and Borrower and Lender
    will be bound by, and shall comply with, all of the terms and
    provisions thereof, as amended by this Agreement.


IN WITNESS WHEREOF, the parties hereto have executed this Agreement
as the date first above written.

_____  _25MAR04_____
Chlis L Dean                      /Date

_____  _3/26/04_____
Wells Fargo Home Mortgage, Inc. , Officer/Date

LR175/5GM/2



LOAN NUMBER: 472-9845643

# CORRECTION AGREEMENT

*The undersigned borrower(s), for and in consideration of the approval, closing and funding of the Modification, hereby grants WELLS FARGO HOME MORTGAGE, INC., limited power of attorney to correct and/or initial all typographical or clerical errors discovered in the Modification Agreement required to be executed by the undersigned. In the event this limited power of attorney is exercised, the undersigned will be notified and receive a copy of the document executed or initialed on their behalf.*

***THIS LIMITED POWER OF ATTORNEY MAY NOT BE USED TO MODIFY THE INTEREST RATE, MODIFY THE TERM, MODIFY THE OUTSTANDING PRINCIPAL BALANCE OR MODIFY THE UNDERSIGNED'S MONTHLY PRINCIPAL AND INTEREST PAYMENTS ON THE MODIFICATION AGREEMENT.** Any of these specified changes must be executed directly by the undersigned.*

*This limited power of attorney shall automatically terminate in 120 days from the closing date of the undersigned's Modification.*

_____
CHLIS L DEAN

Date: 25 March 2004